IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SARAH J. PARDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| LORAM PROPERTIES III, LP d/b/a Hawthorn | § | |
| Suites by Wyndham McAllen, MIGUEL | § | |
| ANGEL RAMIREZ, DR. RAUL LOPEZ | § | |
| CASTILLO & JOSE LUIS LOPEZ, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Sarah J. Pardo file this Complaint against Loram Properties III, LP d/b/a Hawthorn Suites by Wyndam McAllen; Miguel Angel Ramirez; Dr. Raul Lopez Castillo; and Jose Luis Lopez (collectively "Defendants") showing the Court as follows:

## INTRODUCTION

1. Beginning in June 2014, and through the end of her employment, Defendants misclassified Plaintiff as "exempt" from overtime under the federal Fair Labor Standards Act ("FLSA"),[1] and, as result, deprived her of the overtime pay to which she was entitled under the FLSA. She brings this suit to recover what she is owed under the law.

## THE PARTIES AND JURISDICTION

2. Plaintiff Sarah J. Pardo is a natural person residing in Hidalgo County, Texas. She was employed by Defendants within the past three years. She has standing to file this lawsuit.

---

[1] 29 U.S.C. § 201, *et seq*.

3.      Defendant Loram Properties III, LP ("Loram") is a Texas corporation with its headquarters in Hidalgo County, Texas and may be served with process through its registered agent: Miguel A. Ramirez, 1001 S. Taylor Road, McAllen, Texas 78501.

4.      Defendant Miguel Angel Ramirez is an ultimate owner and/or operating officer of Loram. He is a natural person who resides on information and belief in Hidalgo County, Texas and may be served 1900 Sabinal Street, Mission, Texas 78572, or any place where he may be found. He is involved in the day-to-day operations of Loram as they relate to defining the terms of employment, Loram's finances; and corporate decisions.

5.      Defendant Dr. Raul Lopez Castillo is an owner and/or operating officer of Loram. He is a natural person who resides on information and belief in Hidalgo County, Texas and may be served at 2405 Solera Drive, Mission, Texas 78572, or any place where he may be found. He is involved in the day-to-day operations of Loram as they relate to defining the terms of employment, Loram's finances; and corporate decisions.

6.      Defendant Jose Luis Lopez is an ultimate owner and/or operating officer of Loram. He is a natural person who resides on information and belief in Hidalgo County, Texas and may be served at 4107 San Efrain, Mission, Texas 78572, or any place where he may be found.

7.      The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, each Defendant has done business in the State of Texas.

8.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

9. Venue is appropriate under 29 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

## FACTUAL AND LEGAL BACKGROUND

10. Plaintiff was a bookkeeper for Defendants. She began working for them in February 2014. At first, she was paid an hourly rate. Later, in June 2014, she was told by Manuel Juarez, the Controller for Loram, that she was being changed to salary because Defendants did not want to pay her overtime.

11. Plaintiff's primary job duties were administrative in nature. In general, she worked in accounts payable and receivable, meaning that she paid bills (she was told what to pay and what not to pay by Loram's General Manager) and did bank reconciliations at the end of the month. She also did the payroll reporting and processing based on the information provided to her. She also did bookkeeping work for other Mr. Ramirez's companies.

12. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

13. Plaintiff typically worked a large amount of overtime hours. Defendants did not pay her overtime in the weeks in which she worked over 40 hours.

14. As explained below, given the job duties of Plaintiff, Defendants misclassified her as being exempt from overtime under the FLSA. Accordingly, Defendants owe Plaintiff unpaid overtime and other damages provided for by the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

15. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

16. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). No exemption applies in this case.

17. All conditions precedent, if any, to this suit, have been fulfilled.

18. At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. § 203(e).

19. At all material times, Defendants were and are an eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

20. Plaintiff was not exempt from overtime under the FLSA's "Administrative Exemption." To qualify for the administrative employee exemption, both of the following duties tests must be met: (a) the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (b) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200.

21. "The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the particular question arises." Factors to consider include:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting operations of the business; whether the employee performs work that affects business operations to a substantial degree,

even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.FR. § 541.202(b).

22. Plaintiff was not exempt from overtime under any other exemption allowed by the FLSA.

23. At all material times when she was paid a salary by Defendants, Plaintiff routinely worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

24. At all material times when she was paid a salary by Defendants, Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

25. At all material times when she was paid a salary by Defendants, Defendants failed to pay Plaintiff overtime compensation for hours she worked over 40 in a seven-day workweek.

26. Accordingly, Plaintiff seeks overtime pay earned for the time in which she was paid a salary (beginning in June 2014), through the last day of her employment with Defendants.

27. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

28. Plaintiff is entitled to liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

29. Plaintiff is entitled to reasonable attorneys' fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

30. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid overtime wages under the FLSA;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorneys' fees under the FLSA; and

    f. All other relief to which Plaintiff is entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By: s/ Edwin Sullivan
Edwin Sullivan
State Bar No. 24003024
S.D. Texas No. 24524
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF